**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.: 09-21779-CIV-MORENO/TORRES**

**OSVALDO DIAZ and**
**ERNESTO R. CABALLERO**
**and other similarly-situated individuals,**

      **Plaintiff,**

**v.**

**USA AUTO GLASS, INC.,**
**JOSE B. GOMEZ and**
**LAUREANO COWLEY,**

      **Defendants.**
_____/

**AMENDED COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COME NOW Plaintiffs, OSVALDO DIAZ (hereinafter "DIAZ") and ERNESTO

R. CABALLERO (hereinafter "CABALLERO"), and other similarly-situated individuals,

by and through the undersigned counsel, and sue Defendants and allege:

1. This is an action to recover money damages for unpaid overtime wages under the

   laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor

   Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional

   placement)("the Act").

2. Plaintiffs, DIAZ and CABALLERO are residents of Miami-Dade County,

   Florida, within the jurisdiction of this Honorable Court.   Plaintiffs are covered

   employees for purposes of the Act.

**THE LAW OFFICES OF ZANDRO E. PALMA, P.A.**
3100 SOUTH DIXIE HIGHWAY ◦ SUITE 202 ◦ MIAMI, FLORIDA, 33133
TELEPHONE: (305) 446-1500 ◦ FACSIMILE: (305) 446-1502

3. Defendant, **USA AUTO GLASS, INC.,** is a Florida corporation, respectively, having their main place of business in **Miami-Dade County, Florida**, where Plaintiffs worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The individual Defendants JOSE B. GOMEZ (hereinafter "Gomez") and LAUREANO COWLEY (hereinafter "Cowley) reside in **Miami-Dade County, Florida.**

### COUNT I: PLAINTIFF OSVALDO  DIAZ'S WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST USA AUTO GLASS, INC.

4. Plaintiff DIAZ re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff DIAZ, and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also

provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.   Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant **USA Auto Glass, Inc.'s** business activities involve those to which the Fair Labor Standards Act applies.   The Defendant is an auto glass installation company and, through its business activity, affects interstate commerce.  Plaintiff DIAZ's work for the Defendant likewise affects interstate commerce.  Plaintiff was employed by Defendant as an auto glass installer for the Defendant's business.

8. While employed by Defendant, Plaintiff DIAZ worked an average of **90 – 168** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.  Plaintiff DIAZ was

employed as an auto glass installer performing the same or similar duties as that of those other similarly-situated auto glass installers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

9.  Plaintiff was paid an average of **$17.50** an hour from **March 2008** through **February 2009** but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

10. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

Total amount of alleged unpaid wages:

    a.  Sixty Eight Thousand Seven Hundred Forty Eight Dollars and 75/100 ($ 68,748.75)

    b. Calculation of such wages:

Miami/Ft. Myers 4 days/week (5:30AM – 8:30PM) = 15 hours per day = 60
Miami 3 days/week (7:00AM – 6:00PM)　　　　　 = 11 hours per day = 33
　　　　　　　　　　　　　　Total Hours Per Week　　　　93

$26.25 (OT rate per/hour) x 53 hours of overtime per week = $1,391.25;
$1,391.25 (OT owed per week) x 47 weeks = **$65,388.75** in unpaid overtime wages.

Ft. Myers 7 days x 24 hours = 168 hours

$26.25 (OT rate per/hour) x 128 hours of overtime = **$3,360.00**

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

11. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

12. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

13. At the times mentioned, Defendants **Gomez and Cowley** were, and are now, the Directors and/or owners of Defendant Corporation.  Defendants Gomez and Cowley were employers of Plaintiff DIAZ and others similarly situated within the

meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff DIAZ and others similarly situated.   Defendants Gomez and Cowley had operational control of the business, provided Plaintiff DIAZ with his work schedule, and are jointly liable for Plaintiff's damages.

14. Defendant **USA Auto Glass, Inc.** willfully and intentionally refused to pay Plaintiff DIAZ overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff DIAZ these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

15. Plaintiff DIAZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff DIAZ and other similarly-situated and against the Defendant **USA Auto Glass, Inc.** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff DIAZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff DIAZ an equal amount in double damages/liquidated damages; and

D. Award Plaintiff DIAZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

F. Plaintiff DIAZ demands a trial by jury.

JURY DEMAND

Plaintiff DIAZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: PLAINTIFF OSVALDO  DIAZ'S WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST JOSE B. GOMEZ

16. Plaintiff DIAZ re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. This action is brought by Plaintiff DIAZ and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of

other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

19. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff DIAZ and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant **Gomez's** business activities involve those to which the Fair Labor Standards Act applies.  The Defendant's company is an auto glass installation company and, through its business activity, affects interstate commerce.  The Plaintiff's work for the Defendant Gomez likewise affects interstate commerce.  Plaintiff DIAZ was employed by Defendant Gomez as an auto glass installer for the Defendant's business.

20. While employed by Defendant Gomez, Plaintiff DIAZ worked an average of **90 – 168** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.  Plaintiff DIAZ

was employed as an auto glass installer performing the same or similar duties as that of those other similarly-situated auto glass installers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

21. Plaintiff was paid an average of **$17.50** an hour from **March 2008** through **February 2009** but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

22. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

Total amount of alleged unpaid wages:

    a.  Sixty Eight Thousand Seven Hundred Forty Eight Dollars and 75/100 ($ 68,748.75)

    b. Calculation of such wages:

Miami/Ft. Myers 4 days/week (5:30AM – 8:30PM) = 15 hours per day = 60
Miami 3 days/week (7:00AM – 6:00PM)        = 11 hours per day = 33
                              Total Hours Per Week         93

$26.25 (OT rate per/hour) x 53 hours of overtime per week = $1,391.25;
$1,391.25 (OT owed per week) x 47 weeks = **$65,388.75** in unpaid overtime wages.

Ft. Myers 7 days x 24 hours = 168 hours

$26.25 (OT rate per/hour) x 128 hours of overtime = **$3,360.00**

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

23. At all times material hereto, the Employer/Defendant Gomez failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff DIAZ and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant Gomez to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant Gomez who are and who were subject to the unlawful payroll practices and procedures of Defendant Gomez and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

24. Defendant Gomez knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant Gomez as set forth above, and Plaintiff DIAZ and those similarly-situated are entitled to recover double damages. Defendant Gomez never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

25. At the times mentioned, Defendant **Gomez** was, and is now, the Director and/or owner of Defendant Corporation USA Auto Glass, Inc. Defendant **Gomez** was an employer of Plaintiff DIAZ and others similarly situated within the meaning of

Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant Gomez acted directly in the interests of Defendant employer USA Auto Glass, Inc. in relation to the employees of Defendant employer, including Plaintiff DIAZ and others similarly situated. Defendant **Gomez** had operational control of the business, provided Plaintiff DIAZ with his work schedule, and is jointly liable for Plaintiff's damages.

26. Defendant **Gomez** willfully and intentionally refused to pay Plaintiff DIAZ overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff DIAZ these overtime wages since the commencement of Plaintiff's employment with Defendant Gomez as set forth above.

27. Plaintiff DIAZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff DIAZ and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff DIAZ and other similarly-situated and against the Defendant **Gomez** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff DIAZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff DIAZ an equal amount in double damages/liquidated damages; and

D. Award Plaintiff DIAZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

F. Plaintiff DIAZ demands a trial by jury.

### COUNT III: PLAINTIFF OSVALDO  DIAZ'S WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST LAUREANO COWLEY

28. Plaintiff DIAZ re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. This action is brought by Plaintiff DIAZ and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the

State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

31. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff DIAZ and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant **Cowley's** business activities involve those to which the Fair Labor Standards Act applies.  The Defendant's company is an auto glass installation company and, through its business activity, affects interstate commerce.  The Plaintiff's work for the Defendant Cowley likewise affects interstate commerce.  Plaintiff DIAZ was employed by Defendant Cowley as an auto glass installer for the Defendant's business.

32. While employed by Defendant Cowley, Plaintiff DIAZ worked an average of **90 – 168** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.  Plaintiff DIAZ was employed as an auto glass installer performing the same or similar duties as that of those other similarly-situated auto glass installers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

33. Plaintiff was paid an average of **$17.50** an hour from **March 2008** through **February 2009** but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

   Total amount of alleged unpaid wages:

   a.  Sixty Eight Thousand Seven Hundred Forty Eight Dollars and 75/100 ($ 68,748.75)

   b. Calculation of such wages:

   Miami/Ft. Myers 4 days/week (5:30AM – 8:30PM) = 15 hours per day = 60
   Miami 3 days/week (7:00AM – 6:00PM)           = 11 hours per day = 33
                          Total Hours Per Week          93

   $26.25 (OT rate per/hour) x 53 hours of overtime per week = $1,391.25;
   $1,391.25 (OT owed per week) x 47 weeks = **$65,388.75** in unpaid overtime wages.

   Ft. Myers 7 days x 24 hours = 168 hours

   $26.25 (OT rate per/hour) x 128 hours of overtime = **$3,360.00**

   c. Nature of wages (e.g. overtime or straight time):

   This amount represents unpaid overtime wages.

35. At all times material hereto, the Employer/Defendant Cowley failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff DIAZ and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by

the Defendant Cowley to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant Cowley who are and who were subject to the unlawful payroll practices and procedures of Defendant Cowley and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

36. Defendant Cowley knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant Cowley as set forth above, and Plaintiff DIAZ and those similarly-situated are entitled to recover double damages.  Defendant Cowley never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

37. At the times mentioned, Defendant **Cowley** was, and is now, the Director and/or owner of Defendant Corporation USA Auto Glass, Inc.  Defendant **Cowley** was an employer of Plaintiff DIAZ and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant Cowley acted directly in the interests of Defendant employer USA Auto Glass, Inc. in relation to the employees of Defendant employer, including Plaintiff DIAZ and others similarly situated.   Defendant

**Cowley** had operational control of the business, provided Plaintiff DIAZ with his work schedule, and is jointly liable for Plaintiff's damages.

38. Defendant **Cowley** willfully and intentionally refused to pay  Plaintiff  DIAZ overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff DIAZ these overtime wages since the commencement of Plaintiff's employment with Defendant Cowley as set forth above.

39. Plaintiff DIAZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff DIAZ and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff DIAZ and other similarly-situated and against the Defendant **Cowley** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff DIAZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff DIAZ an equal amount in double damages/liquidated damages; and

D. Award Plaintiff DIAZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff DIAZ demands a trial by jury.

### COUNT IV: PLAINTIFF ERNESTO R. CABALLERO'S WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST USA AUTO GLASS, INC.

40. Plaintiff CABALLERO re-adopts each and every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

41. This action is brought by Plaintiff CABALLERO, and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

42. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto

in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

43. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant **USA Auto Glass, Inc.'s** business activities involve those to which the Fair Labor Standards Act applies.  The Defendant is an auto glass installation company and, through its business activity, affects interstate commerce.  Plaintiff CABALLERO's work for the Defendant likewise affects interstate commerce.  Plaintiff was employed by Defendant as an auto glass installer for the Defendant's business.

44. While employed by Defendant, Plaintiff CABALLERO worked an average of **50.5** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.  Plaintiff CABALLERO was employed as an auto glass installer performing the same or similar duties as that of those other similarly-situated auto glass installers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

45. Plaintiff was paid an average of **$20.00** an hour from **2005** through **February 2009** but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Plaintiff seeks to recover for

unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

46. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

Total amount of alleged unpaid wages:

    b. Forty Nine Thousand One Hundred and Forty Dollars 00/100 ($ 49,140.00)

b. Calculation of such wages:

    $30.00 (OT rate per/hour) x 10.5 hours of overtime per week = $315.00;

    $315.00 (OT owed per week) x 156 weeks = **$49,140.00** in unpaid overtime wages.

c. Nature of wages (e.g. overtime or straight time):

    This amount represents unpaid overtime wages.

47. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time

and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

48. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

49. At the times mentioned, Defendants **Gomez and Cowley** were, and are now, the Directors and/or owners of Defendant Corporation.  Defendants Gomez and Cowley were employers of Plaintiff CABALLERO and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff CABALLERO and others similarly situated.  Defendants Gomez and Cowley had operational control of the business, provided Plaintiff CABALLERO with his work schedule, and are jointly liable for Plaintiff's damages.

50. Defendant **USA Auto Glass, Inc.** willfully and intentionally refused to pay Plaintiff CABALLERO overtime wages and minimum wages as required by the

law of the United States as set forth above and remains owing Plaintiff
CABALLERO these overtime wages since the commencement of Plaintiff's
employment with Defendant as set forth above.

51. Plaintiff CABALLERO has retained the law offices of the undersigned attorney to
represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff CABALLERO and other similarly-situated and against
the Defendant **USA Auto Glass, Inc.** on the basis of Defendant's willful violations of the
Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff CABALLERO actual damages in the amount shown to be due for
unpaid wages and overtime compensation for hours worked in excess of forty weekly,
with interest; and

C. Award Plaintiff CABALLERO an equal amount in double damages/liquidated
damages; and

D. Award Plaintiff CABALLERO reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or
available pursuant to Federal Law.

F. Plaintiff CABALLERO demands a trial by jury.

## COUNT V: PLAINTIFF ERNESTO R. CABALLERO'S WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST JOSE B. GOMEZ

52. Plaintiff CABALLERO re-adopts each and every factual allegation as stated in
paragraphs 1-51  above as if set out in full herein.

53. This action is brought by Plaintiff CABALLERO and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

54. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by

virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

55. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff CABALLERO and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant **Gomez's** business activities involve those to which the Fair Labor Standards Act applies.  The Defendant's company is an auto glass installation company and, through its business activity, affects interstate commerce.  The Plaintiff's work for the Defendant Gomez likewise affects interstate commerce.  Plaintiff CABALLERO was employed by Defendant Gomez as an auto glass installer for the Defendant's business.

56. While employed by Defendant Gomez, Plaintiff CABALLERO worked an average of **50.5** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed. Plaintiff CABALLERO was employed as an auto glass installer performing the same or similar duties as that of those other similarly-situated auto glass installers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

57. Plaintiff was paid an average of **$20.00** an hour from **2005** through **February 2009** but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Plaintiff seeks to recover for

unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

58. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

Total amount of alleged unpaid wages:

    c.  Forty Nine Thousand One Hundred and Forty Dollars 00/100 ($ 49,140.00)

b. Calculation of such wages:

    $30.00 (OT rate per/hour) x 10.5 hours of overtime per week = $315.00;

    $315.00 (OT owed per week) x 156 weeks = **$49,140.00** in unpaid overtime wages.

c. Nature of wages (e.g. overtime or straight time):

    This amount represents unpaid overtime wages.

59. At all times material hereto, the Employer/Defendant Gomez failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff CABALLERO and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant Gomez to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant Gomez who are and who were subject to the unlawful payroll practices and procedures of

Defendant Gomez and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

60. Defendant Gomez knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant Gomez as set forth above, and Plaintiff CABALLERO and those similarly-situated are entitled to recover double damages. Defendant Gomez never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

61. At the times mentioned, Defendant **Gomez** was, and is now, the Director and/or owner of Defendant Corporation USA Auto Glass, Inc. Defendant **Gomez** was an employer of Plaintiff CABALLERO and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant Gomez acted directly in the interests of Defendant employer USA Auto Glass, Inc. in relation to the employees of Defendant employer, including Plaintiff CABALLERO and others similarly situated. Defendant **Gomez** had operational control of the business, provided Plaintiff CABALLERO with his work schedule, and is jointly liable for Plaintiff's damages.

62. Defendant **Gomez** willfully and intentionally refused to pay     Plaintiff CABALLERO overtime wages and minimum wages as required by the law of the

United States as set forth above and remains owing Plaintiff CABALLERO these overtime wages since the commencement of Plaintiff's employment with Defendant Gomez as set forth above.

63. Plaintiff CABALLERO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff CABALLERO and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff CABALLERO and other similarly-situated and against the Defendant **Gomez** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff CABALLERO actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff CABALLERO an equal amount in double damages/liquidated damages; and

D. Award Plaintiff CABALLERO reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff CABALLERO demands a trial by jury.

## COUNT VI: PLAINTIFF ERNESTO R. CABALLERO'S WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST LAUREANO COWLEY

64. Plaintiff CABALLERO re-adopts each and every factual allegation as stated in paragraphs 1-63 above as if set out in full herein.

65. This action is brought by Plaintiff CABALLERO and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

66. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by

virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

67. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff CABALLERO and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant **Cowley's** business activities involve those to which the Fair Labor Standards Act applies.  The Defendant's company is an auto glass installation company and, through its business activity, affects interstate commerce.  The Plaintiff's work for the Defendant Cowley likewise affects interstate commerce.  Plaintiff CABALLERO was employed by Defendant Cowley as an auto glass installer for the Defendant's business.

68. While employed by Defendant Cowley, Plaintiff CABALLERO worked an average of **50.5** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed. Plaintiff CABALLERO was employed as an auto glass installer performing the same or similar duties as that of those other similarly-situated auto glass installers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

69. Plaintiff was paid an average of **$20.00** an hour from **2005** through **February 2009** but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Plaintiff seeks to recover for

unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

70. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

Total amount of alleged unpaid wages:

    d. Forty Nine Thousand One Hundred and Forty Dollars 00/100 ($ 49,140.00)

b. Calculation of such wages:

    $30.00 (OT rate per/hour) x 10.5 hours of overtime per week = $315.00;

    $315.00 (OT owed per week) x 156 weeks = **$49,140.00** in unpaid overtime wages.

c. Nature of wages (e.g. overtime or straight time):

    This amount represents unpaid overtime wages.

71. At all times material hereto, the Employer/Defendant Cowley failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff CABALLERO and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant Cowley to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant Cowley who are and who were subject to the unlawful payroll practices and procedures of

Defendant Cowley and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

72. Defendant Cowley knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant Cowley as set forth above, and Plaintiff CABALLERO and those similarly-situated are entitled to recover double damages.  Defendant Cowley never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

73. At the times mentioned, Defendant **Cowley** was, and is now, the Director and/or owner of Defendant Corporation USA Auto Glass, Inc.  Defendant **Cowley** was an employer of Plaintiff CABALLERO and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant Cowley acted directly in the interests of Defendant employer USA Auto Glass, Inc. in relation to the employees of Defendant employer, including Plaintiff CABALLERO and others similarly situated.  Defendant **Cowley** had operational control of the business, provided Plaintiff CABALLERO with his work schedule, and is jointly liable for Plaintiff's damages.

74. Defendant **Cowley** willfully and intentionally refused to pay      Plaintiff CABALLERO overtime wages and minimum wages as required by the law of the

United States as set forth above and remains owing Plaintiff CABALLERO these overtime wages since the commencement of Plaintiff's employment with Defendant Cowley as set forth above.

75. Plaintiff CABALLERO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff CABALLERO and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff CABALLERO and other similarly-situated and against the Defendant **Cowley** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff CABALLERO actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff CABALLERO an equal amount in double damages/liquidated damages; and

D. Award Plaintiff CABALLERO reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff CABALLERO demands a trial by jury.


**COUNT VII: USA AUTO GLASS, INC.'s FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF OSVALDO  DIAZ PURSUANT TO 29 U.S.C. 215(A)(3).**

76. Plaintiff DIAZ re-adopts each and every factual allegation as stated in paragraphs 1-75 of this Complaint as if set out in full herein.

77. This action arises under the laws of the United States.

78. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

79. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $7.21/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

80. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

81. 29 U.S.C. § 205 (a)(3) states, "…it shall be unlawful for any person – (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

82. Defendants' business activities involve those to which the Fair Labor Standards Act applies.   The Defendant **USA AUTO GLASS, INC.** is an auto glass installation company and, through its business activity, affects interstate commerce.   Plaintiff DIAZ's work for the Defendant likewise affects interstate commerce.   Plaintiff DIAZ worked as an **auto glass installer (mechanic)** while employed by the Defendant.

83. Plaintiff **DIAZ** worked an average of **90 – 168** hours per week for Defendants from on or about **March 2008 – February 2009.**

84. Plaintiff was paid an average of **$17.50** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

85. Around December 2008, Plaintiffs had been complaining about their unpaid overtime wages.

86. As a result of Plaintiffs complaints, Defendants, JOSE B. GOMEZ and LAUREANO COWLEY held a meeting in which all of the employees of USA Auto Glass, Inc. were present.

87. At this meeting, Defendants JOSE B. GOMEZ and LAUREANO COWLEY expressed to Plaintiffs and other employees that "due to the economy, the company was not in the position to pay its employees overtime". Plaintiffs and other employees were also informed that they would not be receiving Christmas bonuses that year.

88. During this meeting, Plaintiff ERNESTO R. CABALLERO complained to Defendants about working such long hours and Saturdays without compensation.

89. As a result of his complaint, Defendant JOSE B. GOMEZ engaged in a verbal dispute with Plaintiff CABALLERO.

90. Immediately after the meeting, Defendant, JOSE B. GOMEZ approached Plaintiff DIAZ regarding his complaints of unpaid overtime.

91. Defendant, JOSE B. GOMEZ asked Plaintiff, DIAZ if "he was happy working with the company".

92. Plaintiff DIAZ told Gomez that "he was happy with the company but unhappy working so many hours without getting paid".

93. In retaliation to Plaintiff's complaints for unpaid overtime, Plaintiff DIAZ was terminated in February 2009.

94. Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above, and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

95. Plaintiff DIAZ complained about overtime wages to the Defendant and in February 2009 the Defendant terminated the Plaintiff.

96. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking overtime wages from the Defendant.  In other words, Plaintiff DIAZ would not have been discharged but for his complaints for overtime wages.

97. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, **OSVALDO  DIAZ** requests that this Honorable Court:

A. Enter judgment against the Defendant **USA AUTO GLASS, INC.**  for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C. Plaintiff demands a trial by jury as to each count of this complaint.

### COUNT VIII: JOSE B. GOMEZ's FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF OSVALDO  DIAZ PURSUANT TO 29 U.S.C. 215(A)(3).

98. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-97 of this Complaint as if set out in full herein.

99. This action arises under the laws of the United States.

100.     This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

101.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $7.21/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

102.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

103.     29 U.S.C. § 205 (a)(3) states, "…it shall be unlawful for any person – (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

104.     Defendants' business activities involve those to which the Fair Labor Standards Act applies.  The Defendant **USA AUTO GLASS, INC.** is an auto glass installation company and, through its business activity, affects interstate commerce.  Plaintiff DIAZ's work for the Defendant likewise affects interstate

commerce.  Plaintiff DIAZ worked as an **auto glass installer (mechanic)** while employed by the Defendant.

105.     Plaintiff **DIAZ** worked an average of **90 – 168** hours per week for Defendants from on or about **March 2008 – February 2009** Defendants fired Plaintiff in February 2009.

106.     Plaintiff was paid an average of **$17.50** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

107.     Around December 2008, Plaintiffs DIAZ and CABALLERO were complaining about unpaid overtime wages.

108.     As a result of Plaintiffs complaints, Defendants, JOSE B. GOMEZ and LAUREANO COWLEY held a meeting in which all of the employees of USA Auto Glass, Inc. were present.

109.     At this meeting, Defendants JOSE B. GOMEZ and LAUREANO COWLEY expressed to Plaintiffs and other employees that "due to the economy, the company was not in the position to pay its employees overtime". Plaintiffs and other employees were also informed that they would not be receiving Christmas bonuses that year.

110.     During this meeting, Plaintiff CABALLERO complained to Defendants about working such long hours and Saturdays without compensation.

111.     As a result of his complaint, Defendant JOSE B. GOMEZ engaged in a verbal dispute with Plaintiff CABALLERO.

112.     Immediately after the meeting, Defendant, JOSE B. GOMEZ approached Plaintiff DIAZ regarding his complaints of unpaid overtime.

113.     Defendant, JOSE B. GOMEZ asked Plaintiff, DIAZ if "he was happy working with the company". Plaintiff DIAZ told Gomez that "he was happy with the company but unhappy working so many hours without getting paid".

114.     In retaliation to Plaintiff's complaints for unpaid overtime, Plaintiff DIAZ was terminated in February 2009.

115.     Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

116.     Plaintiff complained about overtime wages to the Defendant and in February 2008 the Defendant terminated the Plaintiff DIAZ.

117.     The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been discharged but for her complaint for overtime wages.

118.     The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, **DIAZ** requests that this Honorable Court:

A. Enter judgment against the Defendant **JOSE B. GOMEZ.**  for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

Plaintiff demands a trial by jury as to each count of this complaint

### COUNT IX: LAUREANO COWLEY'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF OSVALDO DIAZ PURSUANT TO 29 U.S.C. 215(A)(3).

119.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-118 of this Complaint as if set out in full herein.

120.     This action arises under the laws of the United States.

121.     This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

122.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $7.21/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

123.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

124.     29 U.S.C. § 205 (a)(3) states, "…it shall be unlawful for any person – (3) to discharge or in any other manner discriminate against any employee because

such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

125.     Defendants' business activities involve those to which the Fair Labor Standards Act applies.  The Defendant **USA AUTO GLASS, INC.** is an auto glass installation company and, through its business activity, affects interstate commerce.  Plaintiff DIAZ's work for the Defendant likewise affects interstate commerce.  Plaintiff DIAZ worked as an **auto glass installer (mechanic)** while employed by the Defendant.

126.     Plaintiff **DIAZ** worked an average of **90 – 168** hours per week for Defendants from on or about **March 2008 – February 2009.**

127.     Plaintiff was paid an average of **$17.50** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

128.     Around December 2008, Plaintiffs had been complaining about their unpaid overtime wages.

129.     As a result of Plaintiffs complaints, Defendants, JOSE B. GOMEZ and LAUREANO COWLEY held a meeting in which all of the employees of USA Auto Glass, Inc. were present.

130.     At this meeting, Defendants JOSE B. GOMEZ and LAUREANO COWLEY expressed to Plaintiffs and other employees that "due to the economy, the company was not in the position to pay its employees overtime". Plaintiffs and other employees were also informed that they would not be receiving Christmas bonuses that year.

131.     During this meeting, Plaintiff ERNESTO R. CABALLERO complained to Defendants about working such long hours and Saturdays without compensation. As a result of his complaint, Defendant JOSE B. GOMEZ engaged in a verbal dispute with Plaintiff CABALLERO.

132.     Immediately after the meeting, Defendant, JOSE B. GOMEZ approached Plaintiff DIAZ regarding his complaints of unpaid overtime.

133.     Defendant, JOSE B. GOMEZ asked Plaintiff, DIAZ if "he was happy working with the company". Plaintiff DIAZ told Gomez that "he was happy with the company but unhappy working so many hours without getting paid".

134.     In retaliation to Plaintiffs complaints for unpaid overtime, Plaintiffs were terminated in February 2009.

135.     Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

136.     Plaintiff DIAZ complained about overtime wages to the Defendant and in February 2009 the Defendant terminated Plaintiff DIAZ.

137.     The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff DIAZ would not have been discharged but for his complaint for overtime wages.

138.     The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, **DIAZ** requests that this Honorable Court:

A. Enter judgment against the Defendant **LAUREANO COWLEY** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

Plaintiff demands a trial by jury as to each count of this complaint

## COUNT X : USA AUTO GLASS, INC.'s FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF ERNESTO R. CABALLERO  PURSUANT TO 29 U.S.C. 215(A)(3).

139.     Plaintiff CABALLERO re-adopts each and every factual allegation as stated in paragraphs 1-138 of this Complaint as if set out in full herein.

140.     This action arises under the laws of the United States.

141.     This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

142.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $7.21/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

143.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the

employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

144.     29 U.S.C. § 205 (a)(3) states, "…it shall be unlawful for any person – (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

145.     Defendants' business activities involve those to which the Fair Labor Standards Act applies.   The Defendant **USA AUTO GLASS, INC.** is an auto glass installation company and, through its business activity, affects interstate commerce.   Plaintiff CABALLERO's work for the Defendant likewise affects interstate commerce.   Plaintiff CABALLERO worked as an **auto glass installer (mechanic)** while employed by the Defendant.

146.     Plaintiff **CABALLERO** worked an average of **50.50** hours per week for Defendants from on or about **2005 – February 2009.**

147.     Plaintiff was paid an average of **$20.00** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

148.     Around December 2008, Plaintiffs had been complaining about their unpaid overtime wages.

149.     As a result of Plaintiffs complaints, Defendants, JOSE B. GOMEZ and LAUREANO COWLEY held a meeting in which all of the employees of USA Auto Glass, Inc. were present.

150.     At this meeting, Defendants JOSE B. GOMEZ and LAUREANO COWLEY expressed to Plaintiffs and other employees that "due to the economy, the company was not in the position to pay its employees overtime". Plaintiffs and other employees were also informed that they would not be receiving Christmas bonuses that year.

151.     During this meeting, Plaintiff ERNESTO R. CABALLERO complained to Defendants about working such long hours and Saturdays without compensation. As a result of his complaint, Defendant JOSE B. GOMEZ engaged in a verbal dispute with Plaintiff CABALLERO.

152.     Immediately after the meeting, Defendant, JOSE B. GOMEZ approached Plaintiff DIAZ regarding his complaints of unpaid overtime.

153.     Defendant, JOSE B. GOMEZ asked Plaintiff, DIAZ if "he was happy working with the company".

154.     Plaintiff DIAS told Gomez that "he was happy with the company but unhappy working so many hours without getting paid".

155.     In retaliation to Plaintiffs' complaints for unpaid overtime, Plaintiff CABALLERO was terminated in February 2009.

156.     Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

157.     Plaintiff complained about overtime wages to the Defendant and in February 2009 the Defendant terminated the Plaintiff.

158.     The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been discharged but for her complaint for overtime wages.

159.     The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, **CABALLERO requests** that this Honorable Court:

A.  Enter judgment against the Defendant **USA AUTO GLASS INC.,** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B.  Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C.  Plaintiff demands a trial by jury as to each count of this complaint.

## COUNT VIII: JOSE B. GOMEZ 's FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF ERNERSTO R. CABALLERO PURSUANT TO 29 U.S.C. 215(A)(3).

160.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-159 of this Complaint as if set out in full herein.

161.     This action arises under the laws of the United States.

162.    This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

163.    29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $7.21/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

164.    29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

165.    29 U.S.C. § 205 (a)(3) states, "…it shall be unlawful for any person – (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

166.    Defendants' business activities involve those to which the Fair Labor Standards Act applies.  The Defendant **USA AUTO GLASS, INC.** is an auto glass installation company and, through its business activity, affects interstate commerce.  Plaintiff CABALLERO's work for the Defendant likewise affects interstate commerce.  Plaintiff CABALLERO worked as an **auto glass installer (mechanic)** while employed by the Defendant.

167.    Plaintiff CABALLERO worked an average of 50.50 hours per week for Defendants from on or about **2005 – February 2009** Defendants fired Plaintiff on or about **January 12, 2009**.

168.    Plaintiff was paid an average of **$20.00** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

169.    Around December 2008, Plaintiffs had been complaining about their unpaid overtime wages.

170.    As a result of Plaintiffs complaints, Defendants, JOSE B. GOMEZ and LAUREANO COWLEY held a meeting in which all of the employees of USA Auto Glass, Inc. were present.

171.    At this meeting, Defendants JOSE B. GOMEZ and LAUREANO COWLEY expressed to Plaintiffs and other employees that "due to the economy, the company was not in the position to pay its employees overtime". Plaintiffs and other employees were also informed that they would not be receiving Christmas bonuses that year.

172.    During this meeting, Plaintiff ERNESTO R. CABALLERO complained to Defendants about working such long hours and Saturdays without compensation. As a result of his complaint, Defendant JOSE B. GOMEZ engaged in a verbal dispute with Plaintiff CABALLERO.

173.    Immediately after the meeting, Defendant, JOSE B. GOMEZ approached Plaintiff DIAZ regarding his complaints of unpaid overtime.

174.    Defendant, JOSE B. GOMEZ asked Plaintiff, DIAZ if "he was happy working with the company".

175.    Plaintiff DIAZ told Gomez that "he was happy with the company but unhappy working so many hours without getting paid".

176.     In retaliation to Plaintiffs complaints for unpaid overtime, Plaintiffs were terminated in February 2009.

177.     Defendant willfully and intentionally refused to pay Plaintiff CABALLERO the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

178.     Plaintiff CABALLERO complained about overtime wages to the Defendant and in February 2009 the Defendant terminated the Plaintiff.

179.     The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been terminated but for his complaint for overtime wages.

180.     The Defendant's termination of the Plaintiff CABALLERO was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.


WHEREFORE, Plaintiff, **CABALLERO** requests that this Honorable Court:

A. Enter judgment against the Defendant   **JOSE B. GOMEZ** , for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years

of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

Plaintiff demands a trial by jury as to each count of this complaint

## COUNT IX: LAUREANO COWLEY'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF ERNESTO R. CABALLERO PURSUANT TO 29 U.S.C. 215(A)(3).

181.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-180 of this Complaint as if set out in full herein.

182.     This action arises under the laws of the United States.

183.     This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

184.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $7.21/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

185.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

186.     29 U.S.C. § 205 (a)(3) states, "…it shall be unlawful for any person – (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

187.     Defendants' business activities involve those to which the Fair Labor Standards Act applies.  The Defendant **USA AUTO GLASS, INC.** is an auto

glass installation company and, through its business activity, affects interstate commerce. Plaintiff CABALLERO's work for the Defendant likewise affects interstate commerce. Plaintiff CABALLERO worked as an **auto glass installer (mechanic)** while employed by the Defendant.

188.     Plaintiff **CABALLERO** worked an average of **50.50** hours per week for Defendants from on or about **2005 – February 2009** Defendants fired Plaintiff on or about **February  2009**.

189.     Plaintiff CABALLERO was paid an average of **$20.00** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

190.     Around December 2008, Plaintiffs had been complaining about their unpaid overtime wages.

191.     As a result of Plaintiffs complaints, Defendants, JOSE B. GOMEZ and LAUREANO COWLEY held a meeting in which all of the employees of USA Auto Glass, Inc. were present.

192.     At this meeting, Defendants JOSE B. GOMEZ and LAUREANO COWLEY expressed to Plaintiffs and other employees that "due to the economy, the company was not in the position to pay its employees overtime". Plaintiffs and other employees were also informed that they would not be receiving Christmas bonuses that year.

193.     During this meeting, Plaintiff CABALLERO complained to Defendants about working such long hours and Saturdays without compensation.

194.     As a result of his complaint, Defendant JOSE B. GOMEZ engaged in a verbal dispute with Plaintiff CABALLERO.

195.     Immediately after the meeting, Defendant, JOSE B. GOMEZ approached Plaintiff DIAZ regarding his complaints of unpaid overtime.

196.     Defendant, JOSE B. GOMEZ asked Plaintiff, DIAZ if "he was happy working with the company". Plaintiff DIAZ told Gomez that "he was happy with the company but unhappy working so many hours without getting paid".

197.     In retaliation to Plaintiffs complaints for unpaid overtime, Plaintiffs were terminated in February 2009.

198.     Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

199.     Plaintiff complained about overtime wages to the Defendant and in February 2009 the Defendant terminated the Plaintiff.

200.     The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff CABALLERO would not have been discharged but for her complaint for overtime wages.

201.     The Defendant's termination of the Plaintiff CABALLRO was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, **CABALLERO** requests that this Honorable Court:

THE LAW OFFICES OF ZANDRO E. PALMA, P.A.
3100 SOUTH DIXIE HIGHWAY ◦ SUITE 202 ◦ MIAMI, FLORIDA, 33133
TELEPHONE: (305) 446-1500 ◦ FACSIMILE: (305) 446-1502

A. Enter judgment against the Defendant **LAUREANO COWLEY** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

JURY DEMAND

Plaintiffs DIAZ and CABALLERO, and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated:_____

Respectfully submitted,

**THE LAW OFFICES OF**
**ZANDRO E. PALMA, P.A.**
*Attorney for Plaintiffs*
3100 S. Dixie Hwy
Suite 202
Miami, FL 33133
Telephone: (305) 446-1500
Facsimile: (305) 446-1502

By:_____
  Zandro E. Palma, Esq.
  Florida Bar No.: 0024031