## SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and among ERNESTO CABALLERO, DOB: ▮/63 SS # ▮ ("CABALLERO") and OSVALDO DIAZ, JR, DOB: ▮74, SS # ▮ ("DIAZ") on behalf of themselves and their respective heirs, executors, administrators, legal representatives and assigns, and USA AUTO GLASS, INC. and its past, present, and future officers, directors, employees, agents, successors, assigns, insurers, representatives, joint ventures and affiliated companies including any other corporation or legal entity in which JOSE B. GOMEZ and LAUREANO COWLEY, have an ownership interest (collectively referred to in this Agreement as "COMPANY") and JOSE B. GOMEZ and LAUREANO COWLEY, individually and in their corporate capacities ("the Individuals").

WHEREAS, the parties are currently engaged in litigation in the United States District Court for the Southern District of Florida in a case styled <u>Diaz et al v. USA Auto Glass, Inc.</u>, USDC Case No. 00-21779-CIV-MORENO/TORRES (referred to as "the Lawsuit"); and

WHEREAS, the parties desire to fully and completely resolve and settle any and all claims, known and unknown, accrued or unaccrued which each may have against the other relating to their relationship and dealings including, but not limited to, any claims raised or that could have been raised in the Lawsuit.

NOW, THEREFORE, in consideration of the promises and covenants herein contained, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The above recitations are incorporated by reference into this Agreement.

2. <u>Dismissal with Prejudice</u>. Within three (3) business days following CABALLERO and DIAZ' execution of this Agreement, the parties shall prepare and file Joint Stipulation for Voluntary Dismissal with Prejudice in the Lawsuit.

3. <u>Settlement Sum</u>. Within ten (10) days of CABALLERO and DIAZ's execution of this Agreement **and their return to COMPANY's counsel of four executed copies of the Agreement and completed W-4 and W-9's**, COMPANY agrees to pay CABALLERO and DIAZ and their counsel the sum of forty-five thousand dollars and no cents ($45,000.00), less those payroll deductions specified below ("the Settlement Sum") as and for the consideration to obtain CABALLERO and DIAZ's full, unconditional and irrevocable general release and the other promises that are part of this Agreement. The Settlement Sum shall be divided and paid in the following manner:

A. CABALLERO and DIAZ each shall be paid thirteen thousand five hundred dollars and no cents ($13,500.00) as their portion of the Settlement Sum. Five thousand dollars and no cents ($5000.00) from each of their share of the Settlement Sum shall be considered back wages from which standard payroll deductions shall be taken. An additional sum of five thousand dollars and no cents ($5000) from each of their share of the Settlement Sum shall be considered liquidated damages from which

no deductions shall be taken. The remaining three thousand five hundred dollars of each of their share of the Settlement Sum shall be consideration for CABALLERO and DIAZ's full general release and the other promises they make in this Agreement.

B.  From the Settlement Sum, CABALLERO and DIAZ's counsel, LAW OFFICES OF ZANDRO E. PALMA, P.A., shall be paid eighteen thousand dollars and no cents ($18,000.00) for their attorneys fees and costs. CABALLERO and DIAZ's counsel shall complete and return a W-9 with their signed copies of this Agreement.

C.  CABALLERO and DIAZ agree to be solely and fully responsible for reporting the Settlement Sum to taxing authorities and for any tax liabilities that arise therefrom.

D.  Should another individual or entity make any payment due under this Agreement on behalf of COMPANY such payment shall be deemed to be payment by COMPANY and consideration for the unconditional general releases given by CABALLERO and DIAZ to all individuals and entities designated therein and all promises made by them to perform the other promises made in this Agreement.

4.  Mutual General Releases. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, ERNESTO CABALLERO and OSVALDO DIAZ, JR. hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASE AND FOREVER DISCHARGE COMPANY and JOSE B. GOMEZ and LAUREANO COWLEY, both in their individual and corporate capacities, of and from any and all duties, claims, rights, complaints, charges, damage, costs, expenses, attorney's fees,

debts, demands, actions, obligations, liabilities, and cause of action, of any and every kind, nature, and character whatsoever, whether known or unknown, whether cognizable in law, in equity, or before administrative bodies, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether foreseen or unforeseen, whether past, present, or future, whether fixed, liquidated, or contingent, which he ever had, now has, or may in the future claim to have had against COMPANYbased on any act or omission concerning any matter, cause, or thing before the date of this Agreement and up to the time of execution of this Agreement.

CABALLERO and DIAZ' released and discharged claims include, but are not limited to, claims and demands and actions under Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq, as amended; the Americans with Disabilities Act, 42 USC 12101 et seq; the Fair Labor Standards Act, 29 U.S.C. 201 et seq, as amended (including the Equal Pay Act); the Family and Medical Leave Act, 29 U.S.C. 2601 et seq; the Age Discrimination in Employment Act, 29 U.S.C.   29 U.S.C. 621 et seq.; the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.; Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161, et seq.; Chapter 760, the Florida Civil Rights Act, as amended; Section 448.101, et seq, the Florida Whistleblower Act; Section 440.205 for claims of retaliation under the Florida Worker's Compensation Act, all causes of action that can be asserted pursuant to Chapters 447 and 448, Florida Statutes, as amended, including Florida minimum wage or overtime claims; Article X, Section 24 of the Florida Constitution and for overdue back wages or accrued benefits, or under any other federal, state or local statute or Act, ordinance, regulation, custom,

rule or policy, or any cause, of action in contract or tort, including any intentional torts, or any instruments, agreements, or documents entered into by, between, or among the parties (all of the foregoing are hereinafter referred to collectively as the "Released Claims"). This release shall apply regardless of whether or not such Released Claims are exclusively within the jurisdiction of a court, tribunal or administrative body other than the Court in which this litigation was filed. CABALLERO and DIAZ acknowledge that the money and other benefits provided to them or on their behalf (as attorney's fees and costs) pursuant to this Agreement constitutes adequate and ample consideration for this Agreement, their General Release and waiver of all claims and the other obligations undertaken by them in this Agreement

Likewise, USA AUTO GLASS, INC. and JOSE B. GOMEZ and LAUREANO COWLEY hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASE AND FOREVER DISCHARGE CABALLERO and DIAZ of and from any and all actions, causes of actions, suits, damages, rights to attorney fees, debts, claims and demands whatsoever in law or equity, or otherwise, that they ever had, may have had, or have, with respect or by reason of any matter, cause or thing whatsoever, from the beginning of time to the effective date of this Agreement, except the obligations undertaken by CABALLERO and DIAZ in this Agreement.

5.  **Agreement Not to Bring or Participate in Other Claims.** The parties represent that they have no other lawsuits, claims or actions pending against each other and the parties further agree not to file any charges, lawsuits or any other claims that they had, have, or may have relating to their relationships and dealings with each

other in any respect.. If CABALLERO or DIAZ are participating in any other pending lawsuit, claim or action against COMPANY whether civil, criminal or administrative, they shall immediately withdraw from that claim and provide proof of the withdrawal to COMPANY's counsel and shall not offer any further information, advice, participation or assistance unless otherwise required by court order

6. No-Rehire. CABALLERO and DIAZ hereby waive any and all rights they have, had or may have against COMPANY for reinstatement to their former or equivalent positions or to any other positions with COMPANY for any reason. CABALLERO and DIAZ agree not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with or to provide services in any manner to COMPANY and further agree that COMPANY will not, at any time be under any obligation to employ or contract with them and further stipulate that COMPANY's failure to do so is not retaliatory.

7. Non-Disparagement. The parties shall refrain from engaging in disparaging conduct and also from making negative or derogatory statements concerning or directed at or about the others, unless otherwise required pursuant to court order. COMPANY agrees that should it receive a request for verification of CABALLERO or DIAZ's prior employment, it shall respond only by giving the title of the last position held by him , the dates of his employment and his final rate of pay and no other information. Except as otherwise required by law, each party to this Agreement shall respond to any request for information about the Lawsuit that "the matter has been settled." COMPANY shall inform its current and future managers of the requirements

of this provision but shall not be responsible for statements made by former managers or employees of COMPANY or by current non-managerial employees. COMPANY shall limit its communications about the existence and terms of this Agreement to only those managers and employees who have a need to know.

8. <u>Confidentiality</u>. Unless otherwise required by law CABALLERO and DIAZ agree to keep the terms and existence of this Agreement confidential and not to disclose any information concerning this Agreement to anyone other than their spouse, if any, their attorneys, accountants, or tax advisors, who will be informed of and bound by this confidentiality provision. A breach by any of these persons or entities will be treated as a breach by CABALLERO or DIAZ. The parties agree that in the event a breach of this provision is proven in a court of competent jurisdiction, COMPANY shall be entitled to seek damages in an amount to be determined by a court. The prevailing party in any action to enforce this provision shall be entitled to a reasonable attorneys fee and costs.

9. <u>Protection of Proprietary Business Information and Trade Secrets; Return of Property; Non-Solicitation.</u> CABALLERO and DIAZ acknowledge that each obtained and was privy to proprietary information and documents pertaining to COMPANY's business methods and processes, marketing plans and strategies, customer and client lists, rate information, contacts and other business information which may or may not rise to the level of trade secrets as defined by Florida law. CABALLERO and DIAZ and their counsel agree to keep such information and documents forever confidential and agrees to not use such information to the detriment of COMPANY or JOSE B.

GOMEZ or LAUREANO COWLEY. CABALLERO and DIAZ each shall return or destroy the original and all copies of COMPANY's documents that he acquired or created during the course of their employment with COMPANY (including employee and customer lists), or which were provided to him or to his attorneys through the course of the Lawsuit. Additionally, CABALLERO and DIAZ and their counsel shall erase from their computer and electronic devices all documents, information, lists and files, that contain COMPANY's confidential or proprietary information. CABALLERO and DIAZ each agrees that for two (2) years from the date of this Agreement, he shall not directly or indirectly solicit customers of the COMPANY whom he provided services for during the course of his employment nor shall he directly or indirectly attempt in any manner to solicit or accept from any customer work of the type performed by COMPANY or persuade any customer to cease to do business or to reduce the amount of business which any such customer has customarily done or is reasonably expected to do with COMPANY, whether or not the relationship between COMPANY and such customer was originally established in whole or in part through the Employee's efforts; or employ as an employee or retain as a consultant any person, firm or entity who is then or at any time during the preceding twenty four months was an employee of or exclusive consultant to COMPANY or persuade or attempt to persuade any employee of or exclusive consultant to COMPANY to leave the employ of COMPANY or to become employed as an employee or retained as a consultant by any person, firm or entity other than COMPANY.

10. <u>Attorney's and Mediation Fees and Costs; Indemnification from Liens.</u> Except as otherwise provided in this Agreement, the parties agree to waive the right to

seek payment of attorney's fees, or costs incurred in the Lawsuit from the other party and further agree to be responsible for their own attorney's fees and costs, except that COMPANY shall pay the entire costs of mediation. In the event an action or proceeding is commenced to interpret or enforce any provision of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs. CABALLERO and DIAZ hereby agree to indemnify, defend, and hold harmless COMPANY from and against any claims, losses, damages or expenses for attorneys' fees, attorneys' charging liens, or any other type of claim or lien or interest that is made or asserted  by another person or entity against COMPANY as a result of its agreement to pay the Settlement Sum to CABALLERO and DIAZ and their counsel

11. <u>Voluntary Nature of Agreement.</u>  CABALLERO and DIAZ have been advised of their right to consult legal counsel and have in fact been represented by counsel in the Lawsuit and in negotiating this Agreement. CABALLERO and DIAZ represent that the terms of this Agreement have been fully explained to them by counsel, they understand their legal significance, and they have entered into this Agreement voluntarily. CABALLERO also acknowledges that the Settlement Sum and other consideration provided by this Agreement is adequate to support his Full General Release and the other promises he has made in this Agreement.

12. <u>Right to Revoke</u>:  CABALLERO acknowledges that he has been given at least twenty-one (21) days to review this Agreement and to consider whether to sign it. CABALLERO acknowledges that if he signs this Agreement before the twenty-one (21) day period expires, he will have done so freely and voluntarily. CABALLERO also acknowledges that he has the right to revoke this Agreement within seven (7) days of the date that he signed it. CABALLERO understands that this Agreement will not become effective until the expiration of seven (7) days from the date that he signed it.

If CABALLERO decides to revoke this Agreement, he must hand-deliver or fax Leslie W. Langbein, Esq.,(counsel for COMPANY) written notification that he revoked the Agreement within the seven (7) day period at defense counsel's address of 8181 NW 154th Street, Suite 105, Miami Lakes, FL 33016, Fax (305) 556-3647.

13. <u>Authority to Sign.</u>   The parties represent and warrant to each other that they are authorized to enter into and perform the terms of this Agreement. CABALLERO and DIAZ each represent and warrant that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of Released Claims. COMPANY represents and warrant that the person who signs this Agreement on its behalf has sufficient and proper corporate authority to execute this Agreement, bind COMPANY by law to the Agreement and that sufficient funds will be timely issued to satisfy the Settlement Sum.

14. <u>Non-Admission of Liability.</u>  This Agreement is the result of a compromise of disputed claims and the execution and performance of this Agreement by the parties does not constitute, nor shall it be construed as, an admission of liability by any party of violation of any federal, Florida or any other applicable law.   COMPANY expressly denies any liability whatsoever to CABALLERO and DIAZ and is entering into this Agreement solely to avoid the expense and distraction of litigation and to obtain their full, unconditional and irrevocable general release and their other promises. This Agreement shall not be used for any purpose (including evidentiary purpose) other than enforcement of its terms.   Counsel for CABALLERO and DIAZ also agrees that this Agreement shall not be used as evidence in any other legal proceeding as a basis for proving willful disregard of, or entitlement to liquidated damages under, the Fair Labor Standards Act.

15. <u>Invalidity</u>. If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable and if it cannot be modified to be made enforceable, such provision shall immediately become null and void (with the exception of paragraph (4) leaving the remainder of this Agreement in full force and effect.

16. <u>Jurisdiction; Governing Law; Venue.</u> Any of the parties may seek to enforce this Settlement Agreement, whether in equity or at law, in any court of competent jurisdiction in Miami-Dade County, Florida. This Agreement shall be construed and governed in accordance with laws of the State of Florida.

17. <u>Complete Agreement.</u> Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they did not rely upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement. This Agreement constitutes the entire agreement between the parties resolving the Lawsuit and to all matters covered by this Agreement. This Agreement supersedes and replaces all prior agreements and understandings between the parties.

18. <u>Originals</u>. This Agreement shall be executed in four originals. Each party shall receive an original executed Settlement Agreement and Release.

19. <u>Binding Nature of Agreement.</u> This Agreement shall be binding upon CABALLERO, DIAZ and COMPANY and inure to the benefit of, their respective heirs, executors, administrators, assigns, successors, beneficiaries, and agents. In the event of CABALLERO or DIAZ's death prior to COMPANY's payment of the Settlement Sum, all sums due and owing shall be paid to his estate.

20. <u>No Construction Against Drafter</u>. Each party participated in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

21. <u>Assumption of Facts</u>. The parties acknowledge and assume the risk that facts, additional and different or contrary to the facts which they believe to exist, may now exist or may be discovered after this Agreement has been entered, and the parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

22 <u>Notices</u>. Any notices required to be made under this Agreement shall be made in writing and delivered by U.S. certified mail, by personal delivery, or by facsimile with confirmed receipt to the addresses below:

Ernesto Caballero     3901 Redfield Avenue
                     North Las Vegas, NV 89032

Osvaldo Diaz, Jr.     _____

                     _____

with a copy to:    Zandro E. Palma, Esq.
                   ZANDRO E. PALMA, P.A.
                   3100 S. Dixie Highway, Suite 202
                   Miami, FL 33133

COMPANY            1982 NE 8th Street
                   Homestead, FL    33033

With a copy to:    Leslie W. Langbein, Esq.
                   LANGBEIN & LANGBEIN, P.A.
                   8181 NW 154th Street, Suite 105

                   Miami Lakes, FL 33016

or such other address as the parties may later designate in writing.

.    INTENDING TO BE LEGALLY BOUND, the parties execute this Agreement on the date indicated.

ERNESTO CABALLERO

*Ernest C Caballero*  10-05-09
_____
(Date)

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Sworn and subscribed before me this day **5** of October 2009 by ERNESTO CABALLERO who is personally known to me or who has produced **FL DL** as Identification and who has taken an oath.  C14621663407O

Notary Signature
_____

NOTARY PUBLIC-STATE OF FLORIDA
Jessica Mendez
Commission # DD560104
Expires: JUNE 04, 2010
BONDED THRU ATLANTIC BONDING CO., INC.

OSVALDO DIAZ, JR.

_____
(Date)

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Sworn and subscribed before me this day **6** of October 2009 by OSVALDO DIAZ who is personally known to me or who has produced **FL DL** as Identification and who has taken an oath.

Notary Signature
_____

NOTARY PUBLIC-STATE OF FLORIDA
Jessica Mendez
Commission # DD560104
Expires: JUNE 04, 2010
BONDED THRU ATLANTIC BONDING CO., INC.

USA AUTO GLASS, INC.

By: _____
     Its: _____

Date: _____

[Additional Signature Next Page]

JOSE B. GOMEZ , individually

By: _____

Date: _____

ERNESTO CABALLERO

_____  10-05-09
                              (Date)

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Sworn and subscribed before me this day **5** of October 2009 by ERNESTO CABALLERO who is personally known to me or who has produced **FL DL** as Identification and who has taken an oath.   C146216634070

_____
Notary Signature

NOTARY PUBLIC-STATE OF FLORIDA
Jessica Mendez
Commission # DD560104
Expires: JUNE 04, 2010
BONDED THRU ATLANTIC BONDING CO., INC.

OSVALDO DIAZ, JR.

_____
                              (Date)

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Sworn and subscribed before me this day **6** of October 2009 by OSVALDO DIAZ who is personally known to me or who has produced **FL DL** as Identification and who has taken an oath.

_____
Notary Signature

NOTARY PUBLIC-STATE OF FLORIDA
Jessica Mendez
Commission # DD560104
Expires: JUNE 04, 2010
BONDED THRU ATLANTIC BONDING CO., INC.

USA AUTO GLASS, INC.

By: _____
Its: Pres.
Date: 10/14/09

[Additional Signature Next Page]

JOSE B. GOMEZ , individually

By: _____
Date: 10/14/09

Page 13 of 14

LAUREANO COWLEY individually

By: _[signature]_

Date: _[handwritten date]_